**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Dorothy Lateef ) | |
| ) | NO. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Shortline Automotive Inc. ) | |
| ) | |
| and ) | |
| ) | |
| Capital One Auto Finance Inc., ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| Defendant. ) | **JURY TRIAL** |
| ) | |

COMES NOW the Plaintiff, by and through the undersigned attorneys, and hereby files this Complaint and Jury Demand against the above-stated Defendants and in support of said Complaint states as follows:

**INTRODUCTION**

1. Plaintiff initiates this action for damages pursuant to the Truth in Lending Act 15 U.S.C. §1601 *et seq* (hereinafter "TILA") and Regulation Z, 12 C.F.R. Part 226 *et seq*, for violation of the Equal Credit Opportunity Act (ECOA) 15 U.S.C. §1691 *et seq* and for breach of contract.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. §1640(e). Supplemental jurisdiction regarding the state court claims is conferred pursuant to 28 U.S.C. §1367.

3. Venue is proper in that the Defendant Shortline is a Colorado Corporation, authorized and doing business in the State of Colorado.

1

## PARTIES

4. Plaintiff Dorthy Lateef, is a consumer and a citizen of the state of Colorado.

5. Defendant Shortline Automotive Inc. (hereinafter "Shortline")is authorized to do business in the State of Colorado and is engaged in the lease and financing of motor vehicles and related equipment and services, with its principal place of business located at 580 S. Havana, Aurora, Colorado.

6. Defendant Capital One Auto Finance is the assignee of the finance contract and is found at 3901 North Dallas Parkway, Plano Texas 75093, with a registered agent at the Corporation Service Company at 1560 Broadway, Denver C) 80212.

## GENERAL ALLEGATIONS

7. On December 3, 2005 Plaintiff purchased a 2004 Suzuki Veronna from Shortline Automotive.

8. This purchase was accomplished through a retail installment sales contract (RISC) and an application for credit.

9. The terms of the RISC included an obligation to make 72 monthly payments of $358.33.

10. Immediately upon taking delivery of the vehicle Plaintiff experienced numerous mechanical failures.

11. Defendant Shortline and Plaintiff agreed by mutual consent to cancel the contract for sale if Plaintiff would purchase a different vehicle from the dealership.

12. Plaintiff and Shortline entered into a new sales agreement concerning a different 2004 Suzuki Veronna.

13. The second vehicle had a lower selling price which was reflected in a second RISC which was entered into by the parties.

14. The second RISC was similar to the terms of the first excepting that the amount financed was lower and the monthly payments were correspondingly lower.

15. The two contracts may be compared as follows:

|  | Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|---|
| First RISC | 15.90% | $9,356.33 | $16,467.91 | $25,824.24 | $28,224.24 |
| Second RISC | 15.90% | $9,087.31 | $15,994.61 | $26,081.92 | $26,581.92 |

16. The first RISC was assigned to Capitol One Auto Finance Inc. for value.

17. Shortline did not execute the second RISC or assign it to a lender.

18. Instead Shortline informed Capitol One that it was substituting the second vehicle as collateral for the first RISC.

19. Plaintiff did not agree to the substitution of collateral.

20. Capital One is attempting to collect on the first contract.

21. The car is financed through Capitol One Auto Finance Inc. Capitol One is a holder of the Plaintiff's consumer credit contract, which provides that any holder of a consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant to the contract or with the proceeds of the contract. All claims asserted against Shortline are asserted on this statutory basis against Capitol One, unless specified otherwise. 16 CFR §433.

## FIRST CAUSE OF ACTION
(Violations of the Truth in Lending Act and Regulation Z)

22. Plaintiff adopts and realleges each allegation set forth above.

23. Shortline violated the Truth in Lending Act and Regulation Z by failing to deliver accurate disclosures as required by the Truth in Lending Act and Regulation Z, including the following:

    a. by failing to disclose accurately the "finance charge," in violation of 15 U.S.C. § 1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;

    b. by failing to disclose accurately the "amount financed" in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b);

    c. by failing to disclose accurately the "annual percentage rate," in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. § 226.18(e); and

    d. by failing to disclose accurately the payment schedule in violation of 15 U.S.C. § 1638(a)(6) and Regulation Z, 12 C.F.R. § 226.18(g).

24. Defendant's violations caused actual damages to Plaintiff.

25. Wherefore, Plaintiff prays as set forth below.

## SECOND CAUSE OF ACTION
(Violation of the Equal Credit Opportunity Act)

26. Plaintiff adopts and realleges each allegation set forth above.

27. Pursuant to 15 U.S.C. §1691(d) and Regulation B, 12 C.F.R. §202.9(a), Defendant was required to properly notify Plaintiff of the action taken on her credit application.

28. Defendant violated the requirements of the Equal Credit Opportunity Act by failing to properly notify Plaintiff about the action it took on her credit application.

29. Defendant's violations of the Equal Credit Opportunity Act were intentional and part of its normal business practice sufficient to justify the maximum allowable punitive damages.

30. Defendant's violations caused actual damages to Plaintiff.

31. Wherefore, Plaintiff prays as set forth below.

## THIRD CAUSE OF ACTION
(Breach of Contract)

32. Plaintiff adopts and realleges each allegation set forth above

33. Defendant Shortline entered into a contract for the sale of a car.

34. Defendant failed to abide by the terms of the contract in whole by ignoring its terms and substituting the second vehicle as collateral on a contract that was rescinded by mutual consent.

35. The Defendant intentionally caused the breach.

36. The Defendant breached the contract without any reasonable justification

37. The Defendant acted in an insulting manner or recklessly disregarded the rights of the Plaintiff.

38. Defendant's violations caused actual damages to Plaintiff.

39. Wherefore, Plaintiff prays as set forth below.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff request this Court to enter a judgment against Defendants as follows:

A. Award economic and non economic damages against Defendants for their willful and wanton breach of contract.

B. Under the Equal Credit Opportunity Act, award actual damages and punitive damages under 15 U.S.C. §1691e(b) against Defendants;

C. Award damages for injury to Plaintiff's credit rating.

D. Award actual and statutory damages in accordance with the Truth in Lending Act, 15 U.S.C. §1640(a) against Defendants.

E. Award attorney's fees and costs; and

F. Granting such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY

Plaintiff hereby demand a trial by jury as to all issued raised herein that are.

RESPECTFULLY submitted this ___6th___ day of March, 2006.

       ___s/_Richard Wynkoop_____
       Richard Wynkoop
       Wynkoop & Thomas PC
       4410 Yates Street
       Denver, CO 80212
       720-855-0451