IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 06-cv-00383-ZLW-BNB

DOROTHY LATEEF,

    Plaintiff,

v.

SHORTLINE AUTOMOTIVE INC. and
CAPITAL ONE FINANCE, INC.,

    Defendant.

---

## ORDER

---

The matter before the Court is Plaintiff's Motion For Attorney's Fees.  Plaintiff brought claims against Defendant Shortline Automotive, Inc. (Shortline) under the Truth in Lending Act[1] (TILA), the Equal Credit Opportunity Act[2] (ECOA), and for breach of contract.  On July 19, 2006, Shortline served an "Offer Of Settlement By Shortline Automotive, Inc.," which Shortline later confirmed was made pursuant to Fed. R. Civ. P. 68.  The offer did not mention attorney's fees.  Plaintiff accepted the offer and Judgment was entered in favor of Plaintiff and against Shortline pursuant to Fed. R. Civ. P. 68 on August 3, 2006, in the amount of $5,000.

---

[1] 15 U.S.C. § 1601 *et seq.*

[2] 15 U.S.C. § 1691 *et seq.*

"In the case of any successful action" brought for violation of the TILA, the creditor is liable for costs and reasonable attorney's fees in addition to damages.[3] Similarly, the ECOA provides that costs and reasonable attorney's fees shall be added to any damages award for violation of the ECOA.[4] Plaintiff contends that it is entitled to its reasonable attorney's fees incurred in this case because it was the prevailing party. Plaintiff states that "[c]learly Defendant's offer did not include attorney's fees as part of the settlement offer." Shortline responds, however, that it understood that this case was settled by the $5,000 payment, and Shortline "never considered itself responsible for Plaintiff's costs and attorneys fees."

"The fact that a plaintiff has received a judgment pursuant to a Rule 68 offer does not mean that the plaintiff has prevailed in the sense that he is entitled to attorneys' fees. Perhaps he has . . . . Perhaps not."[5] In Webb v. James,[6] the Seventh Circuit accepted the lower court's conclusion, which had been based on affidavits and the particular circumstances leading up to the Rule 68 offer, that "the omission of any mention of fees was not a mistake, but rather a tactical move on the part of [the

---

[3] 15 U.S.C. § 1640(a)(3).

[4] 15 U.S.C. § 1691e(d).

[5] Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc., 260 F.3d 1054, 1059 (9th Cir. 2001). While Delta Airlines v. August, 450 U.S. 346, 363 (1981), cited by Plaintiff, states that a Rule 68 offer "is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party," the Court did not hold that an offer which is silent as to fees must be construed as including fees, since that issue was not before the Court.

[6] 147 F.3d 617, 623 (7th Cir. 1998).

2

defendant]."[7]  Further, the appellate court accepted the district court's conclusion that "defendants should bear the burden of the ambiguity created by their silence on fees."[8]  Thus, an award of fees was proper even though the Rule 68 offer did not mention fees.  However, the Seventh Circuit also held, in Fletcher v. City of Fort Wayne, Indiana,[9] that the district court did not abuse its discretion in concluding that the plaintiffs were not entitled to fees on a Rule 68 offer that was silent as to fees, because the settlement reflected only a nuisance value payment.  Similarly, the Ninth Circuit in Sea Coast Foods[10] concluded that where the demand for damages had been over $3,000,000, and the Rule 68 settlement amount was $375,000, the settlement, while by no means "minuscule," was not close to the demand, and was not an admission of wrongdoing by the defendants under the particular facts of the case.  Therefore, the court held that the district court did not err in refusing to award attorney's fees to the plaintiffs even though the Rule 68 offer did not mention fees.

According to the Scheduling Order, Plaintiff claimed a total of $12,640 in damages, plus punitive damages, against both Defendants.  Defendant Shortline settled for $5,000.  While there is no evidence that the omission of fees in the offer was a tactical move by Shortline, the $5,000 payment appears to have been something

---

[7] Id.

[8] Id.

[9] 162 F.3d 975, 978 (7th Cir. 1998).

[10] 260 F.3d 1054.

more than a nuisance value settlement.  Given the circumstances here, an award of fees is warranted.

Plaintiff's counsel claims fees in the amount of $6,680.  Although this amount exceeds the amount of the Judgment, that fact is not determinative.[11]  The Court agrees with the Utah Supreme Court that, in some cases, attorney's fees properly may be awarded in amount exceeding the damages obtained.[12]  Having reviewed Plaintiff's counsel's fee invoice, the Court finds that the tasks performed, the number of hours billed, and the hourly rates charged by Plaintiff's counsel in this case are reasonable.  Taking into account the remedial intent behind consumer protection laws, a fee award of $6,680 is reasonable in this case.  Accordingly, it is

ORDERED that Plaintiff's Motion For Attorney's Fees (Doc. No. 23) is granted.  It is

FURTHER ORDERED that attorney's fees in the amount of $6,680 are awarded to Plaintiff.  It is

---

[11] See Tallitsch v. Child Support Servs., Inc., 926 P.2d 143, 148 (Colo. App. 1996) (rejecting a "rule of proportionality" between amount of award and amount of fees awarded).

[12] See Dixie State Bank v. Bracken, 764 P.2d 985, 990 (Utah 1988) ("[A]lthough the amount in controversy can be a factor in determining a reasonable fee, care should be used in putting much reliance on this factor.  It is a simple fact in a lawyer's life that it takes about the same amount of time to collect a note in the amount of $1,000 as it takes to collect a note for $100,000.").

FURTHER ORDERED that the case caption is amended to remove Shortline as a Defendant.

DATED at Denver, Colorado, this __31__ day of August, 2006.

BY THE COURT:

_/s/ Zita L. Weinshienk_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court